UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

DEC 09 2016

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | (FILED UNDER SEAL) |
| | ) | |
| v. | ) | Cause No.   1:16-cr- |
| | ) | |
| DERRICK PERKINS, | ) | -01 |
| PAMELA TATOM, | ) | -02 |
| SHAWN WILLIAMS, | ) | -03 |
| KEVIN KILLEBREW, | ) | -04 |
| CHELLI BROOKS, | ) | -05 |
| ERICK ANDERSON, | ) | -06 |
| | ) | |
| *Defendants.* | ) | |

**1  16-cr- 0269 WTL -DKL**

## INFORMATION

### COUNT ONE

**(Racketeer Influenced and Corrupt Organizations)**
**[Title 18, U.S.C. § 1962(d)]**

The United States Attorney charges that:

### I.  INTRODUCTION

At all times material to these charges:

1.     ELITE IMPORTS, LLC, formerly doing business as Elite Motors, LLC, was a car dealership registered with the Indiana Secretary of State and principally located at 4550 N. Keystone Avenue, Indianapolis, Indiana (ELITE IMPORTS).   ELITE IMPORTS was in the business of buying and selling new and used motor vehicles including cars and motorcycles under the direct management of M.N.M.

1

2.      ELITE CAR IMPORTS, LLC, formerly doing business as Elite Car Motors, LLC, was a car dealership registered with the Indiana Secretary of State and principally located at 8102 Pendleton Pike, Indianapolis, Indiana (ELITE CAR IMPORTS).   ELITE CAR IMPORTS was in the business of buying and selling new and used motor vehicles including cars and motorcycles under the direct management of M.N.M.

3.      Defendant DERRICK PERKINS was a member of ELITE ENTERPRISE and promoted its objectives as a Finance Manager involved in the day-to-day operations of the dealerships including participating in legal and illegal activity at the direction of M.N.M. and other ENTERPRISE leaders and members.

4.      Defendant PAMELA TATOM was a member of ELITE ENTERPRISE and promoted its objectives as a Finance Manager involved in the day-to-day operations of the dealerships including participating in legal and illegal activity at the direction of M.N.M., Defendant PERKINS, and other ENTERPRISE leaders and members.

5.      Defendant SHAWN WILLIAMS was a member of ELITE ENTERPRISE and promoted its objectives through participating in legal and illegal activity at the direction of M.N.M., Defendant PERKINS, and other ENTERPRISE leaders and members.

6.      Defendants CHELLI BROOKS, KEVIN KILLEBREW and ERICK ANDERSON were associates of ELITE ENTERPRISE and promoted its objectives through participating in legal and illegal activity at the direction of M.N.M., Defendant PERKINS, and other ENTERPRISE leaders and members.

## II.      THE ENTERPRISE

2

7.      M.N.M., Defendant PERKINS, Defendant TATOM, Defendant WILLIAMS, and others known and unknown, together with the two car dealerships, ELITE IMPORTS, LLC, and ELITE CAR IMPORTS, LLC, and several shell companies, including but not limited to, LEVERAGE GROUP, a/k/a "LG," a/k/a "LG/HG," UNIVERSAL MULTIMEDIA MARKETING, ABC CONSTRUCTION, NINECORP & ASSOCIATES, and HAMILTON GROUP, a/k/a "Hamilton Business Group," constituted an association-in-fact enterprise, referred to herein as ELITE ENTERPRISE or the ENTERPRISE.   ELITE ENTERPRISE was an "enterprise" consisting of legal entities and individuals all associated-in-fact, as defined by Title 18, United States Code, Section 1961(4).   The ENTERPRISE constituted an ongoing organization whose leaders, members, and associates functioned through illicit and other acts as a continuing unit for the common purpose of achieving the objectives of the ENTERPRISE. ELITE ENTERPRISE was engaged in, and its activities affected, interstate commerce.

### Purposes and Objectives of the Enterprise

8.      The purposes and objectives of ELITE ENTERPRISE included the following:

a.      Funding the ENTERPRISE through, among other things, mail fraud, wire fraud, chop shops, money laundering, and interstate transportation of stolen property.

b.      Enriching M.N.M., Defendant PERKINS, Defendant TATOM, Defendant WILLIAMS, and the members and associates of ELITE ENTERPRISE through, among other things, mail fraud, wire fraud, chop shops, money laundering, and interstate transportation of stolen property.

3

c.      Misrepresenting, concealing, and hiding the purposes of, and acts done in furtherance of the conspiracy, and concealing the criminal activities committed by the ENTERPRISE in order to avoid detection.

### III.    THE RACKETEERING CONSPIRACY

9.      Beginning no later than January 1, 2013 and continuing to approximately September 2015, in Marion County in the Southern District of Indiana and elsewhere, M.N.M.,

**DERRICK PERKINS,**
**PAMELA TATOM,**
**SHAWN WILLIAMS,**

together with others known and unknown, being persons employed by and associated with an enterprise, which was engaged in and the activities of which affected, interstate commerce, namely, ELITE ENTERPRISE, did conspire with each other and others known and unknown to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the ENTERPRISE through a pattern of racketeering activity consisting of multiple acts indictable under the following provisions of federal law:

A.      Title 18, United States Code, Section 1341 (Mail Fraud);

B.      Title 18, United States Code, Section 1343 (Wire Fraud);

C.      Title 18, United States Code, Section 1957 (Money Laundering); and

D.      Title 18, United States Code, Section 2314 (Interstate Transportation of Stolen Property).

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the ENTERPRISE.

### Methods and Means of the Enterprise

10.     Among the methods and means by which the defendants and their associates conducted and participated in the conduct of the affairs of the ENTERPRISE were the following:

### Mail Fraud and Wire Fraud (Lender Financing)

a.     It was part of the conspiracy that members of ELITE ENTERPRISE and their associates devised, intended to devise, and participated in a scheme to defraud financial and lending institutions, and to obtain money from the financial and lending institutions, by means of false and fraudulent pretenses and representations submitted electronically and through the U.S. mail.

b.     It was part of the scheme to defraud that M.N.M., Defendant PERKINS, Defendant TATOM, and other ELITE ENTERPRISE members procured fraudulent documents from Defendant WILLIAMS, Defendant KILLEBREW, and other individuals known and unknown, which documents and false and fraudulent information contained therein, were submitted electronically and via U.S. mail in loan applications to financial and lending institutions to underwrite the purchase of motor vehicles including cars and motorcycles from ELITE IMPORTS and ELITE CAR IMPORTS for ENTERPRISE customers and to benefit the ENTERPRISE and its members.

c.     It was further part of the scheme to defraud that in some, but not all instances, the fraudulent documents submitted by M.N.M., Defendant PERKINS, Defendant TATOM, and other ELITE ENTERPRISE members to financial and lending institutions to underwrite the purchase of motor vehicles including cars and motorcycles from ELITE IMPORTS, LLC, and ELITE CAR IMPORTS, LLC, for ENTERPRISE customers including Defendants WILLIAMS and CHELLI

5

BROOKS and to benefit the ENTERPRISE and its members, included a means of identification of another such as Social Security number and date of birth, among other things.

      d.      It was further part of the scheme to defraud that in some, but not all instances, the fraudulent documents submitted by M.N.M., Defendant PERKINS, Defendant TATOM, and other ELITE ENTERPRISE members to financial and lending institutions to underwrite the purchase of motor vehicles including cars and motorcycles from ELITE IMPORTS, LLC, and ELITE CAR IMPORTS, LLC, for ENTERPRISE customers and to benefit the ENTERPRISE and its members, included paystubs purporting to be from LEVERAGE GROUP, a/k/a "LG," a/k/a "LG/HG," UNIVERSAL MULTIMEDIA MARKETING, ABC CONSTRUCTION, NINECORP & ASSOCIATES, and HAMILTON GROUP, a/k/a "Hamilton Business Group," and other business entities operating as shell companies used as a vehicle for the business transactions, when in truth and in fact, as the Defendants well knew, the applicants were not so employed.

      e.      It was further part of the scheme to defraud that ELITE ENTERPRISE members and associates created fraudulent documents, which documents and false and fraudulent information contained therein, were submitted electronically and via U.S. mail in loan applications to financial and lending institutions to underwrite the purchase of motor vehicles including cars and motorcycles from ELITE IMPORTS, LLC, and ELITE CAR IMPORTS, LLC, for ELITE ENTERPRISE customers and to benefit the ENTERPRISE and its members.

      f.      It was further part of the scheme to defraud that as a result of the false and material pretenses, misrepresentations, and omissions made by or on behalf of M.N.M. and Defendants PERKINS, TATOM, WILLIAMS, KILLEBREW, BROOKS, ANDERSON, and other ELITE ENTERPRISE members acting on behalf of the ENTERPRISE, financial and lending institution

funds intended to underwrite the purchase of motor vehicles including cars and motorcycles from ELITE IMPORTS, LLC, and ELITE CAR IMPORTS, LLC, for ENTERPRISE customers and to benefit the ENTERPRISE and its members were received and deposited into ENTERPRISE bank accounts.

**Insurance Fraud, Interstate Transportation of Stolen Property and Chop Shops**

g.      It was further part of the conspiracy that members of ELITE ENTERPRISE and their associates devised a scheme, intended to devise, and participated in a scheme to defraud insurance carriers, and to obtain money from the insurance carriers, by means of false and fraudulent pretenses and representations submitted electronically.

h.      It was part of the scheme to defraud that M.N.M., Defendant PERKINS, Defendant BROOKS, and other ELITE ENTERPRISE members and associates materially misled insurance carriers through the submission of false claim information asserting, in some instances, that motor vehicles including cars and motorcycles were stolen or damaged thereby causing the insurance carrier to release claim monies to the policy holder and lien holder upon receipt of the motor vehicle title or guarantee of the same by M.N.M., Defendant TATOM, and other ENTERPRISE members.

i.      It was further part of the scheme to defraud that M.N.M., Defendant PERKINS, Defendant BROOKS, and other ELITE ENTERPRISE members and associates transported, transmitted, and transferred and caused to be transported, transmitted, and transferred in interstate commerce monies, to-wit:   insurance claim proceeds in the form of negotiable instruments, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud, in that ENTERPRISE members and associates submitted insurance claims for vehicles including cars

and motorcycles purported to be stolen causing insurance companies to issue claim proceed checks for the benefit of the ENTERPRISE.

j.     It was further part of the scheme to defraud that M.N.M., Defendant PERKINS, and other ELITE ENTERPRISE members and associates used the storage unit leased by M.N.M. and a known individual to receive, conceal, disassemble, dismantle, reassemble, and store motor vehicles and motor vehicle parts, some of which had been unlawfully obtained and obtained by fraud in order to alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate, or remove the identity including the vehicle identification number or derivative thereof, of such motor vehicle or motor vehicle part.

### Wire Fraud (Floor Plan Fraud)

k.     It was further part of the conspiracy that M.N.M., Defendant PERKINS, Defendant TATOM, and members and associates of ELITE ENTERPRISE devised a scheme, intended to devise, and participated in a scheme to defraud specialty finance companies involved in floor plan inventory financing, and to obtain money from the specialty finance companies, by means of false and fraudulent pretenses and representations.

l.     It was part of the scheme to defraud that ELITE ENTERPRISE secured short term financing and lines of credit from specialty finance companies to acquire inventory including motor vehicles, a process referred to as "floor planning" inventory.   These "floor planned" vehicles would remain on the car dealerships' lots for subsequent sale.   The specialty finance companies would, in most cases, audit the inventory at ELITE IMPORTS and ELITE CAR IMPORTS on a bi-weekly or monthly basis.   Following a sale, ELITE IMPORTS and ELITE CAR IMPORTS car dealerships were required to:   (1) tender the purchase price of the "floor

planned" vehicle to the specialty finance company, which would, in turn, trigger the release of

proper vehicle title from the specialty finance company to the dealership to transfer to the buyer,

and (2) update the title of the "floor planned" vehicle within 21-days from the date of sale with the

Indiana Bureau of Motor Vehicles (BMV).

      m.     It was further part of the scheme to defraud that M.N.M., Defendant PERKINS, and

other ELITE ENTERPRISE members and associates sold some, but not all, "floor planned"

vehicles from the ELITE IMPORTS and ELITE CAR IMPORTS car dealership lots "out of trust"

that is, the vehicle would be sold by ENTERPRISE members without tendering the purchase price

to the specialty finance company, perfecting the vehicle title, or notifying the buyer about the

imperfect title.

      n.     It was further part of the scheme to defraud that following the "out of trust" sale of

a "floor planned" vehicle, M.N.M., Defendant PERKINS, Defendant TATOM, and other ELITE

ENTERPRISE members at the direction of M.N.M. would access and process copies of the vehicle

title through the ENTERPRISE's Online Registration System through the BMV Dealer Track

portal knowing full well that the title had not been perfected and the specialty finance company

had not been paid.

      o.     It was further part of the scheme to defraud that M.N.M., Defendant PERKINS,

Defendant TATOM, and other ELITE ENTERPRISE members and associates would fail to

provide original and perfected title to ENTERPRISE customers, and on some occasions, would

provide and use copies of vehicle titles for registration with the Indiana BMV.

      p.     It was further part of the scheme to defraud that M.N.M., Defendant TATOM, and

other ELITE ENTERPRISE members and associates instructed customers of ELITE IMPORTS

and ELITE CAR IMPORTS to return the "floor planned" vehicle to the car dealership to avoid detection by the specialty finance company during an audit.

    q.    It was further part of the scheme to defraud that M.N.M. and other ELITE ENTERPRISE members and associates deceived the specialty finance company auditors by providing misleading information about the whereabouts and location of some of the "floor planned" vehicles.

### Money Laundering

    r.    It was further part of the conspiracy that members and associates of ELITE ENTERPRISE engaged in a monetary transaction in criminally derived property in the amount of $10,870.00, more or less, derived from specific unlawful activity, namely, mail fraud and wire fraud, in that the members and associates of the ENTERPRISE did cause to be transferred and exchanged, in and affecting interstate commerce, a cash withdrawal of funds from J.P. Morgan Chase Bank, N.A., a financial institution account ending 0295.

All in violation of Title 18, United States Code, Section 1962(d).

### COUNT 2

### (Conspiracy to Commit Mail Fraud)
### [18 U.S.C. §§ 1341, 1349]

11.    The allegations and assertions stated in Paragraphs 1 through 8 and 10, above, are hereby incorporated by reference and as if stated herein in full.

12.    Beginning in or around January 2013 and continuing through approximately September 2015, in Marion County in the Southern District of Indiana and elsewhere, the defendants,

### KEVIN KILLEBREW, and

**CHELLI BROOKS**

together, and with others known and unknown, did knowingly and intentionally, conspire,

combine, confederate, and agree to commit the offense of mail fraud, in violation of Title 18,

United States Code, Section 1341, that is:   for the purpose of executing and attempting to execute

a scheme and artifice to defraud and to obtain monies from the financial and lending institutions by

means of materially false and fraudulent pretenses, representations, promises, and omissions,

knowingly deposited and caused to be deposited any matter or thing whatever to be sent and

delivered by the United States Postal Service or a private or commercial interstate carrier, in

violation of Title 18, United States Code, Section 1341.

### <u>Overt Acts</u>

In furtherance of the conspiracy and to achieve its object, the defendants committed and

caused to be committed, in Marion County in the Southern District of Indiana and elsewhere, at

least one of the following overt acts, among others:

| OVERT ACT | APPROXIMATE DATE | LENDING INSTITUTION | FALSE PRETENSE, REPRESENTATION AND OMISSION |
|-----------|------------------|---------------------|---------------------------------------------|
| A. | 09/26/13 | American Credit Acceptance, LLC | Defendant BROOKS was employed by Hamilton Business Group |
| B. | 09/18/15 | Veros Credit | Defendant KILLEBREW was employed by "Nine" (Ninecorp & Associates) and was issued SSN ending 2336 |

All in violation of Title 18, United States Code, Sections 1341, 1349.

### <u>COUNT 3</u>

**(Using a False Social Security Number with Intent to Deceive)**
**[42 U.S.C. § 408(a)(7)(B)]**

11

13.     The allegations and assertions stated in Paragraphs 1 through 8 and 10, above, are hereby incorporated by reference as if stated herein in full.

14.     On or about the date listed below in Marion County, in the Southern District of Indiana, and elsewhere, the Defendant,

**ERICK ANDERSON,**

with the intent to deceive and for the purpose of obtaining anything of value from any person, to-wit: loans and property, falsely represented a number, as listed below, to be the social security account number assigned by the Commissioner of Social Security to him:

| COUNT | DATE | LENDING INSTITUTION | FALSE PRETENSE, REPRESENTATION |
|-------|------|---------------------|-------------------------------|
| 3 | 03/24/15 | Pelican Auto Finance, LLC | Defendant ANDERSON's SSN ended 4198 |

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

**FORFEITURE**

1.     Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the Defendants that it will seek forfeiture of property pursuant to Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Title 18, United States Code, Section 1963, upon conviction of the offense in Count One, in violation of Title 18, United States Code, Section 1962(d), the United States will seek forfeiture of:   (a)   any interest acquired or maintained in violation of Section 1962;   (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the Defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (c) any

12

property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity, in violation of 1962.   The property to be forfeited includes, but is not limited to:

- funds up to the amount of $30,651.02, held in JP Morgan Chase checking account number 239890295, in the name of Elite Imports, LLC, and

- funds up to the amount of $4,936.18, held in JP Morgan Chase checking account number 611139556, in the name of Elite Imports, LLC.

3.     Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982 the court shall order the forfeiture of any other property of the Defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the Defendants, the property described in paragraph 2, or any portion thereof:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 1963.


JOSH J. MINKLER
United States Attorney
Southern District of Indiana

STATE OF INDIANA )
) SS:
COUNTY OF MARION )


Cynthia J. Ridgeway, being first duly sworn, upon her oath deposes and says that she

is an Assistant United States Attorney in and for the Southern District of Indiana, that she

makes this affidavit for and on behalf of the United States of America and that the allegations

in the foregoing Information are true as she is informed and verily believes.


Cynthia J. Ridgeway
Assistant United States Attorney


Subscribed and sworn to before me, a notary public, on this ⁷th day of December 2016.


Guey Jen Yang
Notary Public


My Commission Expires: June 27, 2022


My County of Residence: Hendricks


GUEY JEN YANG
Notary Public, State of Indiana
Hendricks County
Commission # 653454
My Commission Expires
June 27, 2022

14